IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYAN NGUYEN,

        Plaintiff,

v.

AMSBERRY, WALKER, TURNER,
KAMERZELL, KEYS,

        Defendants.

Case No. 6:18-cv-00841-PK

**ORDER**

MOSMAN, J.,

Plaintiff, formerly an inmate at the Eastern Oregon Correctional Institution (EOCI), brings this civil rights action pursuant to 42 U.S.C. § 1983. On June 29, 2018, this Court dismissed Plaintiff's Complaint for failure to state a claim. Currently before the Court is Plaintiff's Amended Complaint (ECF No. 9). For the reasons set forth below, this Court dismisses Plaintiff's Amended Complaint for failure to state a claim.

///

///

///

1 - ORDER

## BACKGROUND

Plaintiff brings this action against EOCI Superintendent Amsberry, Captain Walker, Counselor Keys, and correctional officers Kammerzell and Turner. Plaintiff alleges that "some" of the Defendants verbally harassed him by making sexual comments. Pl's Am. Compl. at 1. Additionally, Plaintiff's grievances and complaints allegedly "took months more than usual to be investigated, [and] in-person complaints were dismissed, rebuked, ignored and retaliated against." *Id.* Defendant Walker allegedly told Plaintiff that "sexual and racial harassment did not fit the criteria for [the] Prison Rape Elimination Act [PREA] and to 'stop wasting his time.'" *Id.* at 2. Defendant Keys allegedly retaliated against him "in a very unprofessional manner [by] yell[ing] and scream[ing] at him." *Id.* Plaintiff concludes that the "racial and sexual bullying" violated his Eighth Amendment right to be free from cruel and unusual punishment. *Id.*

## STANDARDS

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556

U.S. at 678 (internal quotations omitted). Plaintiff is proceeding *pro se*, and therefore this Court construes the pleadings liberally and affords Plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

This Court previously advised Plaintiff that in order to state an Eighth Amendment claim for sexual harassment he must allege facts to support a reasonable inference that Defendants subjected him to conduct that was harmful enough to be "offensive to human dignity" and completely devoid of penological justification. Order (ECF NO. 8) at 3 (*citing Wood v. Beauclair*, 692 F.3d 1041, 1050-51 (9th Cir. 2012)). Allegations of mere verbal harassment will not suffice. *Id.* (*citing Austin v. Terhune*, 367 F.3d 1167, 1171-72 (9th Cir. 2004)). This Court also advised Plaintiff that in order to state a First Amendment claim for retaliation, he must allege facts giving rise to a reasonable inference that Defendants took adverse action against him because of his protected conduct, the adverse action chilled the exercise of his constitutional rights, and the action did not reasonably advance a legitimate correctional goal. *Id.* at 3-4 (*citing Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).

Plaintiff's allegation in his Amended Complaint that some Defendants made crude and sexual remarks to him fails to state a claim because verbal harassment does not give rise to an Eighth Amendment violation. *See Austin*, 367 F.3d at 1171-72. Further, Plaintiff's allegation that "many people such as Counselor Ms. Keys" retaliated against him by "yell[ing] and scream[ing] at him" fails to allege facts sufficient to support a reasonable inference that Defendants took adverse action against him in response to his protected conduct, and that their actions were of a nature that chilled the exercise of his First Amendment rights. *See Rhodes*, 408 F.3d at 567-68.

3 - ORDER

Plaintiff's allegation that correctional officials delayed responding to his complaints and grievances fails to state a claim because he does not allege that any of the Defendants were personally involved and, in any event, Plaintiff does not have a constitutional right to a particular grievance process. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that in order to state a claim, a plaintiff must allege facts giving rise to a reasonable inference that the defendants were personally involved in the alleged constitutional violation); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoners have no constitutional right to a particular grievance procedure). Finally, Plaintiff has failed to allege how Walker's statements that verbal harassment is not covered by PREA violated his constitutional rights.

## CONCLUSION

Based on the foregoing, this Court DISMISSES Plaintiff's Amended Complaint (ECF No. 9) for failure to state a claim. Because it is apparent that the deficiencies of the Amended Complaint cannot be cured by amendment, the dismissal is with prejudice. This Court revokes Plaintiff's *in forma pauperis* status because an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

DATED this 15 day of September, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge